533 A.2d 457

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas Dean HENLEN.**

Superior Court of Pennsylvania.

Submitted June 17, 1987.

Filed Nov. 4, 1987.

Reargument Denied Dec. 15, 1987.

2

Kenneth K. McCann, Assistant District Attorney, Mercer, for appellant.

Robert G. Kochems, Assistant Public Defender, Mercer, for appellee.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

ROWLEY, Judge:

This is an appeal by the Commonwealth from an order granting appellee, Thomas Henlen's, petition for a Writ of Habeas Corpus and dismissing the charges against him for a violation of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5703. We reverse.

The facts have been stipulated to be as follows:

1. Sometime prior to June 19, 1986, a theft of an inmate's personal property occurred at the Mercer County Jail and Trooper James D. Dibler of the Pennsylvania State Police was ordered to investigate the same on March 26, 1986.

2. On or about June 19, 1986, Trooper Dibler made arrangements to interview Mr. Henlen concerning the theft.

3. Mr. Henlen was a suspect in the theft case.

4. On June 19, 1986, Mr. Henlen was interviewed by Trooper Dibler at the Mercer County Jail for thirty to forty-five minutes, concerning the theft case.

5. Officer Stonebraker, another guard at the Jail, was present at Mr. Henlen's request for eight to ten minutes.

6. Trooper Dibler did not know he was being taped, did not see the tape recorder and would not have agreed to be taped if he had been asked.

7. Trooper Dibler made some rough notes of the interview and would have made a more complete report of the interview if he would have obtained more information he believed that he could use against Mr. Henlen in court.

8. On August 1, 1986, Mr. Henlen turned the tape over to Sgt. Conley of the Internal Affairs Division of the Pennsylvania State Police as part of a complaint by him against Trooper Dibler for harassment.

9. On August 1, 1986, Mr. Henlen told Sgt. Conley he was unaware of the violation he allegedly committed and had tape recorded the conversation for his own protection.

The Commonwealth's only issue on appeal is whether appellee's recording of his conversation with Trooper Dibler without the knowledge or consent of Trooper Dibler was a violation of the Wiretapping and Electronic Surveillance Control Act. The Commonwealth argues that the police officer's expectation that the conversation would not be intercepted was the same as any other individual's expectation and therefore the recording of the conversation was a violation of the Act. The trial court held, and the appellee argues, that because the police officer was interviewing the appellee with regard to a criminal investigation, and himself took notes of the conversation, the police officer should have reasonably expected that the conversation would not be private but would be repeated to other police officers,

law enforcement officials, and perhaps in court. For this reason, appellee contends that the conversation was not an "oral communication" protected by the Act. Appellee also argues that a police officer acting in his official capacity waives any protection which the Act might otherwise afford to him. Finally, appellee argues that it is a violation of his due process and equal protection rights "to try him on a felony criminal charge when a civil burden of proof may not be made out under the same statute."

The trial court and appellee rely primarily on *Gunderman v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 95 Pa.Cmwlth. 479, 505 A.2d 1112 (1986) to support the position that the police officer had no reasonable expectation of privacy and that, therefore, the conversation was not protected under the Act. In *Gunderman*, the claimant secretly tape-recorded his unemployment compensation hearing. The Court held that because a record of the testimony at such hearings was always made as a matter of course so that a record could be preserved for review by the Board and courts, there was no legitimate expectation of privacy. Appellee also relies on *Commonwealth v. Gullett*, 459 Pa. 431, 329 A.2d 513 (1974) for the rule that where the circumstances suggest that permission has been given that the matter be communicated elsewhere, the Act does not apply. Neither of these cases is applicable here.

*Gunderman* is distinguishable from the instant case because here no official recording of the conversation was made, nor was one expected to be made. The police officer had no expectation that his words would be recorded verbatim and accurately. Although the police officer may have realized that his questions to appellee and appellee's responses may have to be revealed to other people, or could be divulged by appellee, the police officer had no reason to expect that the entire conversation, which may have included statements unrelated to the investigation, would be recorded.

■ Furthermore, appellee's contention that the police officer did not have a "reasonable expectation of privacy" in the interview with appellee, and therefore is not entitled to the protection afforded by the Act, misconstrues the Act. The Act does not provide that when one does not have a reasonable expectation of privacy, the Act does not apply and any person is then free to record the conversation. Rather the Act with only a few, specifically enumerated exceptions, protects all communications which fall within its definition of "oral communication." The Act defines "oral communication" as:

> Any oral communications uttered by a person possessing an *expectation that such communication is not subject to interception under circumstances justifying such expectation.* (Emphasis added.)

18 Pa.C.S. § 5702. The Act further defines "intercept" as:

> Aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device.

*Id.* Thus the expectation which must be justified under the definition of "oral communication" is the expectation that one's communication will not be recorded by any electronic, mechanical or other device. The fact that one may have reason to believe that he himself will have to reveal what transpired in a conversation, or that the other party to the conversation may relate to third parties the contents of a communication, does not necessarily mean that a party to the communication should have expected that the communication would be *recorded,* even though the party may not have a reasonable expectation of privacy in the communication.

It is the distinction between "reasonable expectation of privacy" and "expectation that such communication is not subject to interception," which emphasizes the inapplicability of *Gunderman* to the facts before us. Because the hearing which was surreptitiously recorded in *Gunderman* was recorded officially, with the knowledge of the participants to the hearing, there was no expectation that the

statements made at the hearing would not in fact be "aurally acquired through the use of an electronic, mechanical or other device." Hence, the oral statements made at the hearing were not protected by the Wiretap Act. In the case before us, however, although the appellee has suggested why he thinks the police officer did not have a reasonable expectation of privacy in the conversation, appellee has not demonstrated, and there is nothing to support the claim, that the police officer should have expected the conversation to be subject to interception by an electronic, mechanical, or other device. For this reason, we conclude that the interview between the police officer and the appellee was an oral communication protected under the Wiretap Act.

Similarly, *Gullett* is distinguishable. *Gullett* did not establish the general rule which appellee sets forth. On the contrary, the Court in *Gullett* only determined that where a party calls the police to report that a homicide has occurred, the location where it has occurred, and that there will probably be several bodies, the person has supplied consent that a recording of the phone conversation be supplied to other police personnel. The Court noted in *Gullett* that the agency to which the call was placed, the nature of the call, the emergency atmosphere engendered by the call, and the non-confidential information conveyed, made it apparent that the person did not intend the phone call to remain private. The exception to protection of the privacy of oral communications under the Act created by *Gullett* is in essence now codified in § 5704(3) of the Act which provides that it is not unlawful for police and emergency communication systems to record telephonic communications coming into and going out of the system under certain enumerated circumstances. The facts of the case before us do not fall within this exception: the conversation did not involve an emergency reporting of a crime to a police department, where it would be likely, particularly considering the nature of the crime reported, for the police officer who received the call to reveal the substance of the call to others. Therefore, we are not persuaded that *Gullett* applies to this case.

■ Appellee adopts in his brief the trial court's conclusion that the Federal Wiretap Act, 18 U.S.C. § 2510 et seq. is "nearly identical" to Pennsylvania's Wiretap Act, and therefore the legislative intent expressed in the Federal Act "to exclude prosecutions in cases where at least one person does consent to interception" (Tr.Ct.Op. p. 6) applies to the Pennsylvania Act. However, this conclusion is not supported by the terms of the Pennsylvania Act itself. The Federal Act provides in § 2511(2)(d):

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or *one* of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution of the laws of the United States or of any State. (Emphasis added.)

However, § 5704(4) of the Pennsylvania Act states that it is not unlawful to intercept an oral communication "where *all* parties to the communication have given prior consent to such interception." If the Pennsylvania legislature intended, as the appellee argues and the trial court held, that the Act did not apply where at least one party to a conversation consented to the interception, then § 5704(4) would have provided that it was not unlawful to intercept an oral communication where *at least one party to the communication* had given consent to the interception. The absence of this language unambiguously demonstrates, regardless of the Congressional intent with regard to § 2511(2)(d) of the Federal Act, that in Pennsylvania oral communications are protected by the Act even when some, but less than all, parties to a communication consent to the interception.

The Act provides for a few, limited, specific exceptions to this rule in § 5704. The exception for police and emergency communications discussed previously with regard to *Gullett* is one example. Another exception to the rule that all parties to a communication must consent to its interception

is when a police officer or an agent acting at the direction or request of an investigative or law enforcement officer intercepts a communication involving suspected criminal activities *provided* that certain safeguarding prerequisites are satisfied before the interception is conducted. See 18 Pa.C.S. § 5704(2)(i) and (ii). However, in this case, none of these exceptions applies, and therefore the interception of the police officer's interview with appellee was a violation of the Act.

Appellee's argument that the very nature of the police officer's job waived for the police officer the protection of the Act is without merit. Although the police officer, as part of his job, knew that he may have to testify concerning the substance of his interview with appellant, this knowledge does not, as previously discussed, constitute a waiver of the protections afforded by the Act. Nothing in the Act categorically excludes police officers from the protection of the Act. On the contrary, the police officer falls with the definition of "person" to which the Act applies. Section 5702 of the Act defines "person" as:

> Any employee, or agent of the United States or any state or political subdivision thereof, and any individual, partnership, association, joint stock company, trust or corporation.

Because the police officer in this case was an employee of the Commonwealth of Pennsylvania, he comes squarely within the statutory definition of persons whose oral communications are protected. We therefore, find no merit to appellee's argument.

■ Finally, appellee appears to argue that the Act is unconstitutional because it provides both that a violation of the Act is a felony, and that one may be civilly liable for violating the Act. Appellee admits in this four-sentence argument that there is no case law to support his argument, however, he believes that the accuracy of his conclusion that the Act is unconstitutional is "self-evident". The mere fact that a statute provides that one who violates an Act may be both criminally as well as civilly liable does not

make the Act unconstitutional. Nothing in the statute indicates, and appellee does not argue, that the same burden of proof is required in both a civil and criminal action to establish a violation of the Act. We do not find the basis of appellee's argument to be self-evident, and in the absence of any discussion explaining his argument, we are unable to comprehend the basis of the argument.

Order reversed.