555 A.2d 763

**Kevin M. HARVILLA, Appellant,**

v.

**Rodney J. DELCAMP and Timothy M. Rupp, Appellees.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1989.

Filed March 6, 1989.

James R. Fiorentino, Alfred P. Antonelli, Bethlehem, for appellant.

James M. Schildt, Doylestown, for Delcamp.

William E. Schantz, Allentown, Lisa Maiorana, Wyomissing, for Rupp.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

The present controversy arose from an automobile accident. Appellant, Kevin M. Harvilla, was a passenger in-

jured in a vehicle driven by Appellee, Rodney J. Delcamp and owned by Appellee, Timothy M. Rupp. The pertinent facts of the case are as follows. On December 7, 1979, Harvilla, Delcamp, Rupp and two other young men were at a party and after some discussion decided to go on a hunting trip to the Pocono Mountains. All of the men drank beer at the party before leaving at approximately 3:00 a.m. on the morning of December 8, 1979. The men arrived at their destination at dawn. None of them slept during the trip.

After the group entered the woods Harvilla and Delcamp became cold and decided to return to the Rupp car which had a working heater. When they got into the car they drank more beer and then decided to get something to eat. Delcamp drove the car and eventually discovered a diner where they ate breakfast and, again, drank beer. After leaving the diner, Harvilla, recognizing that Delcamp was drunk, fought with him about who would drive the car. Unfortunately, Delcamp refused to let Harvilla drive and on the way back to the hunting site the car left the road and smashed into a tree. Both men were injured as a result of the accident.

Harvilla brought a suit against Delcamp for negligent operation of the vehicle and against Rupp, the owner of the car, under the theory of *respondeat superior.* At trial Harvilla testified that he fell asleep and did not know how the accident happened. Delcamp testified that he had no memory of how the car left the roadway and smashed into the tree. At the close of Harvilla's case Appellees Rupp and Delcamp moved for compulsory nonsuits.

■ The trial court granted the nonsuit as to Rupp after determining that Harvilla had failed to establish an agency relationship.[1] The trial court also granted a compulsory nonsuit as to Appellee Delcamp stating that Harvilla failed

---

1. Although Harvilla's "Statement of Questions Presented" included the issue of whether the trial court erred in granting a compulsory nonsuit as to Appellee Rupp, that issue has been waived since Harvilla failed to address that issue in his brief. Pa.R.App.Proc. 2119 (Purdons 1988), *Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981).

to prove that Delcamp was negligent and that his negligence was the proximate cause of the accident. The trial court denied Harvilla's motion for removal of the nonsuit and for a new trial and that denial was affirmed by the Superior Court. 376 Pa.Super. 646, 541 A.2d 796. Because we believe that jury questions were presented regarding negligence and proximate cause, we reverse the order of the Superior Court as it relates to Appellee, Delcamp.

█ The standard of appellate review in cases which involve the propriety of an entry of compulsory nonsuit is to give the plaintiff the benefit of every fact and reasonable inference arising from the evidence, resolving all conflicts in the evidence in his or her favor. Additionally, a compulsory nonsuit is valid only in a clear case where the facts and circumstances lead to one conclusion—the absence of liability. *McKenzie v. Cost Bros., Inc.*, 487 Pa. 303, 409 A.2d 362 (1979).

█ In negligence cases the fundamental rule of law is that the plaintiff must prove by a preponderance of the evidence that the defendant was negligent and that his negligence was the proximate cause of the accident. *Flagiello v. Crilly*, 409 Pa. 389, 187 A.2d 289 (1963). It follows then, that a plaintiff cannot recover upon proof of the mere happening of an automobile accident. *Id.*, 409 Pa. at 390, 187 A.2d at 290. However, it is also axiomatic that circumstantial evidence may provide appropriate and adequate proof of negligence and proximate cause. *Gilbert v. Korvette's Inc.*, 457 Pa. 602, 608, 327 A.2d 94, 98 (1974).

This principle, expressed in the *Gilbert* case, was also recognized in *Kotal v. Goldberg*, 375 Pa. 397, 100 A.2d 630 (1953), a case very similar to the case at bar. In *Kotal* both the plaintiff/passenger and defendant/driver died in an automobile accident and, thus, were unable to testify. However, evidence was presented at trial that the car was traveling at an excessive rate of speed. The defendant, who sought a motion for judgment notwithstanding the verdict, argued that the driver committed "no proven act of negligence" and that the jury was permitted to speculate as

to the cause of the accident. Justice Musmanno, writing for a majority of the Court, held that where an automobile "dashes completely off the highway with such velocity that the car overturns numerous times, [the plaintiff/passenger] has no legal burden to explain the mechanical, mental or muscular lapse which precipitated the catastrophe". *Id.,* 375 Pa. at 403, 100 A.2d at 633. Thus, this court found that the disputed facts and inferences concerning the negligence of the driver (including the evidence of excessive speed) and the cause of the accident were properly submitted to and resolved by the jury. *Id.*

 If speed was, in the words of Justice Musmanno the "burden" of the lawsuit in *Kotal,* fatigue and intoxication are the central theme in the present case. First, Harvilla testified that he and Delcamp drank beer after returning to the car from the woods, and after eating breakfast at the diner. Furthermore, he specifically described Delcamp as being intoxicated just before the accident. More importantly, Delcamp admitted that he drank approximately two six packs of beer at the party, did not sleep on the trip to the Poconos, and was "drunk and a little light headed due to lack of sleep" when he and Harvilla left the woods. N.T. March 29, 30, 1983 at p. 91. Therefore, the numerous references in the record describing Delcamp's fatigue and intoxication, provided circumstantial evidence of his negligence, sufficient to preclude a nonsuit.

Second, the trial judge erred in applying the law in regard to proximate cause in this case. At the hearing the judge expounded:

The jury may assume that the accident happened because the driver was intoxicated; however, they could also assume that the accident happened because a car was coming in the other direction in the wrong lane of traffic and forced them off the road.

The jury could also assume that a bolt of lightening came out of the sky and blinded the driver; the jury could

also assume that there was a mechanical defect in the car or in its brakes or in its steering mechanisms and we could go on and give hypothetical examples all afternoon as to how this accident happened.

N.T. March 29, 30, 1983 at pp. 207–208. Thus, he determined that the jury would be merely speculating were they to consider the question of whether Delcamp's negligence caused the accident. However, while there is no limit to the hypotheses one can formulate to explain the cause of *any* accident, it is *not* the law of this Commonwealth that a plaintiff need eliminate every conceivable cause of an accident in order to recover. As Justice Musmanno clearly explained in *Kotal*, a plaintiff "is not required to produce a blueprint to show why the offending motorist acted in the manner he did". *Id.*, 375 Pa. at 403, 100 A.2d at 633.

In this case the trial court invaded the province of the jury as it is clear in viewing the evidence in the light most favorable to Harvilla, that the jury could have reasonably found that Delcamp was negligent and that his negligence was the proximate cause of the accident. This is not a case in which the facts and circumstances lead unerringly to the conclusion of nonliability.

Accordingly, we affirm the order of the Superior Court as it relates to Appellee Rupp and reverse and grant a new trial as to Appellee Delcamp.

NIX, C.J., concurred in the result.

FLAHERTY, J., files a dissenting opinion in which McDERMOTT and ZAPPALA, JJ., join.

FLAHERTY, Justice, dissenting.

It is a fundamental precept of tort law that a plaintiff must prove causation. The majority now finds liability in a case totally devoid of evidence that the defendant's negligence caused the plaintiff's injury. I dissent.

The late Justice Musmanno based liability in *Kotal v. Goldberg*, 375 Pa. 397, 100 A.2d 630 (1953), on evidence that the defendant was driving at an excessive rate of speed. This case, by contrast, presents no evidence of negligence, unless it be asserted that driving after consuming an unspecified quantity of alcohol over an unspecified period, without more, constitutes negligence, which is not the law, or that driving while fatigued is negligent. Such an assertion would be tantamount to applying a novel strict liability standard to the activity of automobile driving—a standard unprecedented in this context.

The trial court correctly analyzed the plaintiff's case. The evidence of beer drinking was not evidence of intoxication. Compounding the problem was the total absence of evidence that intoxication, if it were present, caused the accident. Clearly, a plaintiff need not "eliminate every conceivable cause of an accident in order to recover," or, in Justice Musmanno's graphic parlance, "produce a blue print to show *why* the offending motorist acted in the manner he did." But the plaintiff must produce *some* evidence of negligence, as he did in *Kotal,* where there was proof of undue speed. The *Kotal* court stated:

> It is not a case of res ipsa loquitur, for negligence is not presumed from the mere happening of the accident, *but from the circumstances under which it occurred....* An automobile when driven along a dry level road in daylight *at proper speed* and under control is not accustomed to leave the pavement....

*Id.,* 375 Pa. at 401, 100 A.2d at 632 (emphasis added). The eyewitness testimony of excessive speed in *Kotal* provided the predicate for a finding of negligence. The absence of such evidence in this case required the trial judge to enter a compulsory nonsuit. The majority's view, that negligence may be presumed from the mere occurrence of the accident, is clearly erroneous.

McDERMOTT and ZAPPALA, JJ., join this dissenting opinion.