564 A.2d 905

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas Dean HENLEN, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1989.

Decided Oct. 11, 1989.

Robert G. Kochems, Asst. Public Defender, Raymond H. Bogaty, Mercer, for appellant.

James P. Epstein, Dist. Atty., Kenneth K. McConn, Mercer, for appellee.

George S. Leone, Office of Dist. Atty., Philadelphia, for amicus curiae Philadelphia Dist. Attys. Office.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

We are asked to consider whether a violation of the Pennsylvania Wiretapping and Electronic Surveillance Act of 1978[1], (hereinafter "Act") has occurred under the following novel circumstances.

Following a theft of an inmate's personal property at the Mercer County Jail, Trooper James D. Dibler of the Pennsylvania State Police made arrangements to interview Appellant Thomas Dean Henlen in connection with said theft. Appellant, a guard at the prison, and considered a suspect in the case, was interviewed by Trooper Dibler at the Mercer County Jail on June 19, 1986 for thirty to forty-five minutes. Trooper Dibler made some notes of the interview. He would have made a more complete report of the interview if he had obtained more information that he believed he could use against Appellant in court. Another guard at the prison was present at the interview for approximately eight to ten minutes. Appellant secretly recorded the conversation with a tape recorder that he had concealed upon his person.

On August 1, 1986, Appellant filed a complaint against Trooper Dibler for harassment, and gave the tape that he had recorded to the Internal Affairs Division of the Pennsylvania State Police.

1. 18 Pa.C.S. § 5701 et seq.

These facts, as stipulated to by the parties, resulted in Appellant being charged with violating 18 Pa.C.S. § 5703, which prohibits the interception, disclosure or use of wire or oral communications. Appellant filed a Petition for Habeas Corpus which the Court of Common Pleas of Mercer County granted, dismissing the charges against Appellant. On appeal, the Superior Court reversed the grant of the Petition for Habeas Corpus; reargument was requested and denied. We granted allocatur and now reverse.

The statute that Appellant was charged with violating has since been amended, but at the time Appellant was charged it provided:

§ 5703. Interception, disclosure or use of wire or oral communications

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

(1) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication;

(2) willfully discloses or endeavors to disclose to any other person the contents of any wire or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication: or

(3) willfully uses or endeavors to use the contents of any wire or oral communications, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication.

18 Pa.C.S. § 5703.

"Oral communication" was defined as:

Any oral communications uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation.

18 Pa.C.S. § 5702 (emphasis added).

"Intercept" was defined as:

Aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device.

*Id.*

Appellant argues that the conversation was not an "oral communication" protected under the Act because Trooper Dibler possessed no reasonable expectation of privacy under the circumstances: the interrogation of a suspect while acting in his official capacity. In support of this argument, Appellant cites a number of cases which suggest that no violation of the Act occurs when circumstances show that the parties had no reasonable expectation of privacy in the conversation in which they were engaged.

In *Gunderman v. Commonwealth, Unemployment Compensation Board of Review*, 95 Pa.Commw. 479, 505 A.2d 1112 (1986), the Commonwealth Court considered whether a claimant who had secretly tape recorded his hearing before the Unemployment Compensation Board had violated the same provisions of the Pennsylvania Wiretapping and Electronic Surveillance Act. In finding that the claimant did not violate the Act, the court considered the fact that testimony at such hearings is routinely recorded as indicative of the lack of expectation of privacy in the proceedings.

The Superior Court considered *Gunderman* to be distinguishable from the instant case because under these circumstances, no official recording was made—nor was one expected to be made.

Resolution of the issue of whether the conversation was an "oral communication" under the Act revolves around whether there was an expectation that the communication was not subject to interception "under circumstances justifying such expectation." 18 Pa.C.S. § 5702.

The facts of this case support an inference that Trooper Dibler would not have been justified in expecting that his conversation would not be subject to interception. The validity of the Superior Court's conclusion that there was not an expectation that a recording would be made under

these circumstances is questionable since oral interrogations of suspects by the police are generally recorded, albeit by the police rather than the suspect. In addition, not only did Trooper Dibler take notes during the interview, which he stipulated would have been made into a report had he obtained information that could have been against Appellant in court, he also allowed a third party to be present for a time during the interview. These facts do not support a conclusion that Trooper Dibler expected his conversation with Appellant to remain confidential.

Our recent decision in *Commonwealth v. Blystone,* 519 Pa. 450, 549 A.2d 81 (1988), *cert. granted in part, Blystone v. Pennsylvania,* — U.S. —, 109 S.Ct. 1567, 103 L.Ed.2d 934 (1989), is instructive in determining what facts lead to a conclusion that no reasonable expectation of privacy exists in a particular situation. *Blystone* was a case involving a one party consensual interception. The Pennsylvania Wiretapping and Electronic Surveillance Act provides an exception to the general prohibition against interception for:

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

\*      \*      \*      \*      \*      \*

(ii) one of the parties to the communication has given prior consent to such interpretation.

18 Pa.C.S. § 5704 (in pertinent part).

In *Blystone,* the defendant had challenged the constitutionality of the above provisions of the Act. The United States Supreme Court has clearly held that one party consensual interceptions do not violate the Fourth Amendment of the United States Constitution. *See, United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). In holding that the Act was constitutionally sound, this Court adopted the reasoning and the decisions of the United States Supreme Court with regard to whether such

searches violate Art. I, § 8 of the Pennsylvania Constitution.

Although it is clear that this case does not involve the one party consensual interception exception of 18 Pa.C.S. § 5704(2), as Appellant did not act at the behest of an investigative or law enforcement officer, the broad principles of *Blystone* relating to the expectation of privacy in a conversation are applicable in determining whether circumstances support a conversant's expectation that his or her conversation would not be intercepted. The broad language of *Blystone* makes it clear that "[w]hat one chooses to do with another's secrets may differ from the expectation of the teller, but it is no longer his secret. How, when and to whom the confidant discloses the confidence is his choosing. He may whisper it, write it, or in modern times immediately broadcast it as he hears it." *Blystone*, 519 Pa. at 462, 463, 549 A.2d at 87, 88. One applying these principles to the instant case is led to the conclusion that the circumstances do not establish that Trooper Dibler possessed a justifiable expectation that his words would not be subject to interception.

In the decision below, Superior Court held that the statutory language defining "oral communication" required that the utterer of such a communication must have a specific expectation that the contents of a discussion will be electronically recorded. *See, Commonwealth v. Henlen*, 368 Pa.Super. 1, 5, 533 A.2d 457, 459 (1987). The definition of "oral communication" and "interception", indeed contains such a requirement, but these definitions also make it clear that such an expectation must be justifiable under the *circumstances.*

Appellant also presents the argument that a police officer acting in his official capacity implicitly consents to having his activities monitored and waives the protections afforded under the Act. Due to our disposition of the first issue raised by Appellant, we need not reach this issue.

Accordingly, we reverse the order of the Superior Court and reinstate the judgment of the Court of Common Pleas of Mercer County dismissing the charges against Appellant.