717 A.2d 519

**James J. AGNEW, Jr., Appellant,**

v.

**Michael L. DUPLER, and the Township of Hellam, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1997.

Decided Aug. 25, 1998.

34

Catherine H. Agnew, Havertown, for James J. Agnew, Jr.

Hugh J. Hutchinson for M. Dupler and Tp. of Hellam.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

This direct appeal raises two issues under the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S. §§ 5701–5781: First, whether the Commonwealth Court erred in making its determination of what constitutes a "justified expectation of non-interception" under the Wiretap Act; and second, whether the conversations at issue were "oral communications" protected by the Wiretap Act such that the Commonwealth Court erred in refusing to remove the trial court's entry of compulsory nonsuit. Because we find that appellant did not have a reasonable expectation of non-interception of the conversations at issue under the circumstances of this case, we affirm the order of the Commonwealth Court denying appellant's motion to remove the entry of compulsory nonsuit.

The relevant facts are as follows: On the evening of February 12, 1992, appellee Michael L. Dupler ("Dupler"), the Hellam Township Chief of Police, parked his township-issued automobile in the township library parking lot, adjacent to the Hellam Township Police Department building. This was not his usual parking place. Upon entering the police station, Dupler went into the squadroom, a common area consisting of four desks, two counters and four phones. There, he manually activated an intercom on one of the phones. The intercom enabled Dupler to monitor covertly from his office conversations taking place inside the squadroom. Dupler exited the

squadroom and went into his office, which was approximately thirty feet down the hall. He closed the door to his office, turned off the lights and waited for the township patrolmen to enter the squadroom during the upcoming 11:00 p.m. shift change. Dupler testified that his intent in monitoring the squad room was to determine the extent and origin of a morale problem within the department.

At approximately 10:30 p.m., township Officers Sowers and Shaffer entered the squadroom. Officer Sowers placed a telephone call in which he made disparaging remarks about Dupler. From his location, Dupler heard only Sowers' portion of the telephone conversation. While Sowers was still talking on the telephone, Dupler entered the squadroom and ordered Sowers to his office. Dupler reprimanded Sowers for the disparaging remarks that Dupler had heard through his monitoring of the squadroom. Dupler informed Sowers that he had not originally intended to listen to Sowers' conversation; rather, he told Sowers that he was attempting to monitor only Officer Agnew, appellant herein.

Following this conversation, Dupler re-entered the squadroom and re-set the intercom so that he could continue to monitor the squadroom. Dupler instructed both Sowers and Shaffer that appellant was expected to report for duty and that they were not to advise appellant, by either verbal communication or hand signals, that the intercom system was activated. Dupler then left the squadroom and walked up the hallway towards his office.

At approximately 10:45 p.m., appellant entered the squadroom and asked Sowers if Dupler was in the station. Sowers shrugged his shoulders but otherwise did not respond to appellant's question. Appellant then asked Shaffer what was wrong with Sowers. Shaffer responded that he did not know, and a short conversation ensued. During this brief conversation, appellant made no disparaging remarks about Dupler or the department.[1] Appellant then left the squadroom, exited the police station and commenced his patrol shift.

---

1. At trial, Dupler denied that he intercepted appellant's conversation.

In September 1992, after several conversations with Sowers and other officers, appellant became fully aware of the February 12, 1992 monitoring. Subsequently, appellant commenced this civil action in the Commonwealth Court's original jurisdiction[2] against Dupler and the Township of Hellam, alleging that Dupler violated the Wiretap Act by his actions on February 12, 1992. In accordance with the provisions of the Wiretap Act, appellant sought the removal of Dupler as the chief of police,[3] the removal of Dupler from the Hellam Township Police Department,[4] an injunction against Dupler and the Township from continuing any further surveillance with the phone system,[5] and an award of appellant's cost and expenses inclusive of reasonable fees.[6]

On March 20, 1996, the Commonwealth Court proceeded with a bench trial. Following the close of appellant's case in chief, appellees made an oral motion for compulsory nonsuit, which the court granted after argument. Appellant then filed a motion for post-trial relief arguing, *inter alia*, that the court erred in granting compulsory nonsuit because the evidence presented at trial established that Dupler violated the Wiretap Act. The Commonwealth Court denied appellant's post-trial motions, finding that the compulsory nonsuit was properly entered on the ground that appellant did not have a justifiable expectation of privacy in the communications subject to interception, which is statutorily required for an oral communication to be protected under the Wiretap Act. Appellant then

**2.** 42 Pa.C.S. § 761.

**3.** 18 Pa.C.S. § 5726(a) provides: **Cause of action.**—Any aggrieved person shall have the right to bring an action in Commonwealth Court against any investigative or law enforcement officer, public official or public employee seeking the officer's, official's or employee's removal from office or employment on the grounds that the officer, official or employee has intentionally violated the provisions of this chapter. If the court shall conclude that such officer, official or employee has in fact intentionally violated the provisions of this chapter, the court shall order the dismissal or removal from office of said officer, official or employee.

**4.** *Id.*

**5.** 18 Pa.C.S. § 5728.

**6.** 18 Pa.C.S. § 5725(a)(3).

38

filed a direct appeal to this Court pursuant to 42 Pa.R.A.P. 1101.

■ The Wiretap Act provides in pertinent part:

Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person . . .

18 Pa.C.S. § 5725(a). The Wiretap Act defines an "oral communication" as:

[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation. The term does not include any electronic communication.

18 Pa.C.S. § 5702. Thus, in order to establish a prima facie case under the Wiretap Act for interception of an oral communication, a claimant must demonstrate: (1) that he engaged in a communication; (2) that he possessed an expectation that the communication would not be intercepted; (3) that his expectation was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so.

Here, appellant asserts that the Commonwealth Court failed to apply the proper standard for determining whether the subject conversations were "oral communications" under the Wiretap Act definition. Appellant contends that in evaluating whether a speaker possesses a justifiable expectation of non-interception within the definition of "oral communication," the proper standard is whether the speaker has a justifiable expectation that his words will not be seized and carried away through the use of a device, as opposed to whether or not the speaker had a justifiable expectation of privacy. We disagree.

In *Commonwealth v. Henlen*, 522 Pa. 514, 519, 564 A.2d 905, 907 (1989), this Court specifically stated that "the broad principles . . . relating to the expectation of privacy in a conversation are applicable in determining whether circum-

stances support a conversant's expectation that his or her conversation would not be intercepted." In *Henlen,* this Court held that the Commonwealth failed to prove that a state trooper possessed a justifiable expectation that his words would not be subject to interception when the trooper interrogated a prison guard following the theft of an inmate's personal property. The guard had secretly tape-recorded the interrogation. Thereafter, the guard filed a complaint against the trooper who had interrogated him alleging harassment, and gave a copy of the tape to the Internal Affairs Division of the Pennsylvania State Police. The guard was subsequently charged with violating the Wiretap Act. The trial court dismissed the charges, but the Superior Court reversed and reinstated the charges.

On appeal to this Court, the guard argued that the conversation was not an "oral communication" protected under the Wiretap Act because the trooper possessed no reasonable expectation of privacy while conducting an interrogation of a suspect while acting in his official capacity. In determining that the trooper was not justified in expecting that his conversation would not be subject to interception under the facts of the case, this Court noted that oral interrogations of suspects by the police are generally recorded, that the trooper took notes during the interview to use in his report, and that the trooper allowed a third party to be present for a time during the interview. This Court concluded that these facts did not support a conclusion that the trooper "expected his conversation with Appellant to remain confidential." *Id.*

This Court elaborated further upon what constitutes an "oral communication" under the Wiretap Act in *Commonwealth v. Brion,* 539 Pa. 256, 260, 652 A.2d 287, 288 (1994). In *Brion,* the police sent a confidential informant wearing a body wire to the appellant's home in order to purchase marijuana. During the sale of the marijuana, the conversation between the two was recorded and transmitted to the monitoring agents. No prior judicial approval was obtained for the use of the body wire. Appellant filed a motion to suppress the tape recording, which the trial court denied. Appellant was con-

victed and appealed to the Superior Court, which reversed the conviction on the ground that the trial court erred in failing to suppress the tape recording. A majority of this Court reversed the Superior Court and held that the right to privacy embodied in Article I, Section 8 of the Pennsylvania Constitution precluded the police from sending a confidential informant into the home of an individual in order to electronically record his conversations and transmit them back to police with a court-approved search warrant. Furthermore, this Court stated that there was "no evidence to suggest that Brion committed any act which would reasonably lead to the conclusion that he did not have an expectation of privacy within his home." *Id.* at 261, 652 A.2d at 289. This Court specifically stated that "[i]mplicit in any discussion of an expectation that a communication will not be recorded, is a discussion of the right to privacy." *Id.* at 260, 652 A.2d at 288.

■■■■ As the above cases demonstrate, in determining what constitutes an "oral communication" under the Wiretap Act, the proper inquiries are whether the speaker had a specific expectation that the contents of the discussion would not be intercepted, and whether that expectation was justifiable under the existing circumstances. In determining whether the expectation of non-interception was justified under the circumstances of a particular case, it is necessary for a reviewing court to examine the expectation in accordance with the principles surrounding the right to privacy, for one cannot have an expectation of non-interception absent a finding of a reasonable expectation of privacy. To determine the existence of an expectation of privacy in one's activities, a reviewing court must first examine whether the person exhibited an expectation of privacy; and second, whether that expectation is one that society is prepared to recognize as reasonable. *Commonwealth v. Blystone,* 519 Pa. 450, 463, 549 A.2d 81, 87 (1988), *aff'd on other grounds sub nom., Blystone v. Pennsylvania,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990). Therefore, the Commonwealth Court correctly ascertained that a conversation amounts to a protected "oral communication" under the Wiretap Act only where the speaker possessed

a reasonable expectation of privacy in the conversation. Since the standard for such expectation of privacy is one that society is prepared to recognize as reasonable, the standard is necessarily an objective standard and not a subjective standard as appellant urges this Court to adopt.

■ Turning now to the question of whether the Commonwealth Court's refusal to remove the compulsory nonsuit was proper, a compulsory nonsuit may be affirmed only if, giving the appellant the benefit of every reasonable inference and resolving all evidentiary conflicts in his favor, the facts and circumstances nonetheless lead to the conclusion that no liability exists. *Harvilla v. Delcamp*, 521 Pa. 21, 25, 555 A.2d 763, 764 (1989). In order to answer this question, we must evaluate whether the conversations at issue were "oral communications" within the meaning of the Wiretap Act.

■ The facts of this case indicate that appellant did not possess a reasonable expectation of privacy in the conversations at issue. The conversations took place between appellant and Officers Sowers and Shaffer, who were present in the squadroom when appellant entered. Appellant first addressed Officer Sowers, who did not verbally respond. Appellant then engaged in "small talk" briefly with Officer Shaffer before leaving the squadroom to begin his shift. Thus, when appellant spoke to Sowers, Shaffer could overhear as could anyone else in the squadroom. Likewise, Sowers could overhear the casual conversation between appellant and Shaffer as could any one else in the squadroom. At the time that the statements were made, the door to the squadroom was open, as it was the majority of the time, and the conversation could be heard outside of the room. All conversations conducted in the squadroom could be heard without amplification in Dupler's office, which was a mere thirty feet down the hallway, when the door was open.[7] Additionally, by the time that appellant entered the squadroom at 10:45 p.m., Dupler had the light on in his office. The squadroom was a large room with six desks

---

7. Dupler admitted at trial that use of the intercom improved the clarity of the sounds from the squadroom; however, conversations were audible in his office without the intercom.

and two counters, and had a total of four telephones in it. The intercom lines on the phones could be open at any time, facilitating not only the opportunity to make announcements, but the opportunity to hear conversations occurring at a remote location within the building.

Thus, under these circumstances, the statements at issue do not meet the definition of "oral communications." Appellant did not have a reasonable expectation of non-interception because he lacked the requisite reasonable expectation of privacy in the conversations. Accordingly, the Commonwealth Court properly granted appellees' motion for compulsory non-suit on the basis that the evidence presented did not demonstrate a violation of the Wiretap Act. The order of the Commonwealth Court is affirmed.

NIGRO, J., files a concurring opinion in which FLAHERTY, C.J., joins.

NIGRO, Justice, concurring.

While I agree with Mr. Justice Castille's Majority Opinion that Appellant James Agnew, Jr. did not have a reasonable expectation of non-interception of his conversations under the circumstances of this case, I write separately to express my disagreement with the rationale employed by the Majority to reach that conclusion.

As the Majority notes, this Court discussed the Wiretap Act's 'expectation of non-interception' requirement in *Commonwealth v. Brion*, 539 Pa. 256, 260, 652 A.2d 287, 288 (1994).[1] In *Brion*, this Court stated that the Act requires that "a person uttering an oral communication must have a specific expectation that the contents of a discussion will not be electronically recorded. However, this expectation must be

---

1. *Brion* involved the issue of whether Article I, Section 8 of the Pennsylvania Constitution requires the police to first obtain a judicial determination of probable cause before engaging in a unilaterally consensual interception of oral communications in a suspect's home pursuant to § 5704(2)(ii) of the Wiretap Act. Here, the issue does not involve a constitutional question but rather, whether Appellee Dupler violated § 5725(a) of the Wiretap Act by intercepting any oral communications made by Appellant in a public squadroom.

justifiable under the existing circumstances. Implicit in any discussion of an expectation that a communication will not be recorded, is a discussion of the right to privacy." *Id.* at 260, 652 A.2d at 288. While I fully agree that the existence of a reasonable expectation of privacy is an important consideration in the total analysis of whether or not a reasonable expectation of non-interception existed, I do not agree with the Majority's sweeping conclusion that "one cannot have an expectation of non-interception absent a finding of a reasonable expectation of privacy." Neither *Brion* or *Commonwealth v. Henlen*, 522 Pa. 514, 564 A.2d 905, 905 (1989), which the Majority also cites, stand for the proposition that a lack of an expectation of privacy necessarily forecloses a finding of an expectation of non-interception, i.e. an expectation that words will not be electronically seized and carried away.

Contrary to the Majority's position, I believe that the expectation of non-interception and the expectation of privacy involve two distinct inquiries. Thus, a speaker, under certain circumstances, may possess a reasonable expectation of non-interception even in the absence of a reasonable expectation of privacy. As stated by the Superior Court in *Commonwealth v. McIvor* :

> Generally, where there is an expectation of privacy there is also an expectation of non-interception. Such is not always the case, however. For instance, . . . if one is speaking with the town gossip at a public swimming pool under circumstances insuring that the gossip is not wearing a body wire, one's expectation of non-interception is very high, but the expectation of privacy is very low. Thus, an expectation of privacy does not always carry a concomitant expectation of non-interception, and vice versa. For purposes of violation of the Wiretap Act, while we consider the expectation of privacy as a factor, it cannot be the determining factor in our analysis.

Commonwealth v. *McIvor*, 448 Pa.Super. 98, 104–05, 670 A.2d 697, 700 (1996) (stopped motorist, while possessing no expectation of privacy in communications to police officer, possessed justifiable expectation under the circumstances that his words would not be electronically seized and carried away by officer).

In the instant case, I agree with the Majority that Appellant did not possess a reasonable expectation of privacy in his conversations, which could easily have been overheard both inside and outside the public squadroom in which they were spoken. However, unlike the Majority, I do not believe that this lack of a reasonable expectation of privacy automatically ends the inquiry of whether a reasonable expectation of non-interception may have existed. Under the circumstances of this case, however, I find that Appellant also could not have a reasonable expectation that his conversations would not be subject to interception. Given that Appellant did not take any steps to protect his conversations made in a public squadroom, which contained four telephones with an intercom system that could be open at any time,[2] I do not believe that Appellant can now legitimately claim that he had a justifiable expectation that his words would not be electronically seized and carried away.

FLAHERTY, C.J., joins in this concurring opinion.

---

**2.** Appellant testified that he knew there was an intercom system in the phone system which allowed someone to speak and be heard from remote locations and that the intercom system was used routinely through the course of the day. (N.T. at 63–64).