Russell Bolden and Lynnetta Bolden, Appellants,
v.
Tax Review Board.
No. 27 C.D. 2010.
Commonwealth Court of Pennsylvania.
Submitted: May 14, 2010.
Filed: June 29, 2010.
Before: McGINLEY, Judge, LEAVITT, Judge, BUTLER, Judge.

OPINION NOT REPORTED
MEMORANDUM OPINION BY JUDGE McGINLEY.
Russell Bolden and Lynnetta Bolden (Appellants) appeal the order of the Court of Common Pleas of Philadelphia County (common pleas court) that denied Appellants' appeal from the decision of the Tax Review Board of the City of Philadelphia (Board) which abated the penalty and one-half of the interest pertaining to real estate taxes on property located at 3220 North Carlisle Street (Property) in the City of Philadelphia owned by the Appellants.
The Appellants purchased the Property on or about July 30, 2002. The Appellants were responsible for 2002 taxes on the Property from July 23, 2002 to December 31, 2002. There was an outstanding water bill of $4,887.54. The Appellants were to be responsible for water bills from July 23, 2002, forward. In a notice dated February 20, 2009, the City of Philadelphia informed the Appellants that real estate taxes for the years 2002 through 2007 were past due and totaled $5,441.42 including penalties and interest.
The Appellants petitioned the Board to reduce the interest and penalties. The Board heard the petition on May 27, 2008. Russell Bolden (Bolden) testified regarding his purchase of the Property. He stated that the City of Philadelphia sued him over an outstanding water bill in the amount of $715. Notes of Testimony, May 27, 2008, (N.T.) at 4-7. Bolden admitted that the deed was recorded in his name.[1] N.T. at 18.
The Board abated the penalties and one-half the interest and provided Appellants with ninety days to make payment arrangements with the City of Philadelphia. Failure to make payment arrangements would result in the abated amounts being added back to the tax bill.
The Appellants appealed to the common pleas court. After oral argument the common pleas court affirmed the Board by order dated September 30, 2009. The common pleas court determined:
This Court's September 30, 2009 Order should be affirmed because Mr. Bolden raised no issue in which this Court could entertain under the limited standard of review of 2 Pa.C.S. §754(b). . . . Here, Mr. Bolden makes no assertion that his constitutional rights were violated, an error of law was committed, or that necessary findings of fact were not supported by substantial evidence. Instead, Mr. Bolden raises separate claims against the Philadelphia Housing Development Corporation for the alleged breach of contract related to his purchase of the property in 2002. Upon review of the record here, this Court correctly affirmed the Board's ruling. The Tax Board `may abate in whole or in part interest or penalties or both, where in the opinion of the Board the petitioner acted in good faith, without negligence and no intent to defraud.' Philadelphia Code § 19-1705. In fact the Tax Board decided to `abate ½ interest and all penalty.' This ruling is beneficial to Mr. Bolden. This Court found no reason to overturn the Board's decision. If Mr. Bolden would like to litigate claims against the Philadelphia Housing Development Corporation, he is not prejudiced from bringing an appropriate action.
Common Pleas Court Opinion, January 19, 2010, at 1-2.
Appellants raise the following issues[2]:
1. Is it possible for oral argument with Appellants or Appellees presentation of position being heard and not placed in the record? . . . .
2. Can the Common Pleas Court disregard Nineteen (19) pages of evidence in the June 3rd, 2009, brief, which supports Appellants[`] claim? . . . .
3. When is it applicable for the Common Pleas Court in issues of Contractual Misconduct to apply Constitutional Law? Where the City of Philadelphia Government/Agencies total involvement is at question? .. . .
4. Can a conflict of interest arise when an individual or government or organization is involved in multiple interests? One of which could possibly corrupt the motivation for an act in the other? . . . .
5. In retrospect of the Common Pleas Court in relationship to the City of Phila. and Tax Review Board can the Common Pleas Court ruling be unbiased? . . . .
Appellants' Brief at 5.
A review of Appellants' brief reveals that Issues one and three were not discussed in the Argument section of the brief. Consequently, they are waived. See Harvilla v. Delcamp, 521 Pa. 21, 555 A.2d 763 (1989).
With respect to issue two, Appellants argue that they submitted evidence to the Board and the common pleas court to support their claim, but the evidence was not accepted. Appellants fail to explain what the evidence was. Also, it is unclear what their claim was. Before the Board, Appellants requested an abatement of interest and penalties. They essentially prevailed as the Board abated the penalties and one-half the interest. As the common pleas court stated, if Appellants would like to litigate any claims against the Philadelphia Housing Development Corporation relating to the sale of the Property, the Board's decision does not prevent them from doing so.
With respect to issues four and five, Appellants assert that the common pleas court had a pre-determined "notion" to rule in favor of the Board and the City. While this issue is mentioned in the brief, there is nothing in the record to suggest any bias.
Accordingly, this Court affirms.

ORDER
AND NOW, this 29th day of June, 2010, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.
NOTES
[1] The deed was actually recorded in both of the Appellants' names.
[2] This Court's review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Samuel Rappaport Limited Partnership v. Tax Review Board of the City of Philadelphia, 682 A.2d 862 (Pa. Cmwlth. 1996).