620 A.2d 494

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Bruce CHRISTOPHER.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1992.

Filed Dec. 23, 1992.

Reargument Denied March 1, 1993.

52

Thomas S. Ling, Dist. Atty., Bedford, for Com., appellant.

Charles A. Bierbach, Huntingdon, for appellee.

Before ROWLEY, President Judge, and JOHNSON and HESTER, JJ.

HESTER, Judge:

The Commonwealth appeals from the April 24, 1992 order entered in the Bedford County Court of Common Pleas granting Bruce Christopher's motion for a writ of habeas corpus. As we find the Commonwealth's position to be meritless, we affirm the order.

The record reveals the following. On February 18, 1992, appellee, Bruce Christopher, arrived unannounced at Bedford County Children and Youth Services ("CYS") and met with Mark Bollman,[1] the social worker who had been assigned to appellee's case.[2] Mr. Bollman greeted appellee in the building's lobby before escorting him to the office which Bollman shared with another CYS caseworker. The two men discussed various aspects of appellee's case while Bollman's co-worker was present in the office.

While in the employ of CYS, Bollman was required to keep files on all of his clients. The files contained personal notations which he made following appointments with clients, as well as any information which he received from the parties. At the close of the meeting, Bollman noticed a small tape recorder partially protruding from appellee's coat pocket. When Bollman asked appellee about the device, appellee admitted to recording the conversation.

1. Mark Bollman is no longer a CYS employee.
2. The record does not reveal the facts and circumstances surrounding appellee's involvement with CYS.

Bollman reported the incident to the police. Bedford Borough Police Officer Douglas Diehl met with Bollman to discuss his complaint. On February 26, 1992, a local district justice, relying upon the officer's testimony of the meeting with Bollman, issued a search warrant for appellee's trailer and for the home of his parents in order to locate the miniature cassette. The warrant was executed on February 26, 1992. The tape, which was found following the search of the home of appellee's parents, was confiscated and charges were filed against appellee that same day. The Commonwealth charged appellee with illegally intercepting and disclosing oral communications in violation of 18 Pa.C.S. § 5703(1), (2), and (3). On April 1, 1992, a preliminary hearing was held, and all counts were bound over for trial.

On April 8, 1992, appellee filed a petition for a writ of habeas corpus challenging the sufficiency of the Commonwealth's prima facie case against him. On April 24, 1992, a hearing on the petition was held. At that time, the Commonwealth notified the court that it had dropped the charges against appellee under § 5703(2) and (3). The court proceeded to hear testimony and argument regarding the remaining charge under § 5703(1). At the conclusion of the hearing, the court entered an order granting the writ and dismissed the charge against appellee. This appeal by the Commonwealth followed.

Appellee was charged under 18 Pa.C.S. § 5703 which provides, "[A] person is guilty of a felony of the third degree if he: (1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication. . . ." A proper application of the statute necessitates an evaluation of the following terminology. *"Intercept"* is defined at 18 Pa.C.S. § 5702 as "Aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." Finally, *"oral communication"* is defined in the same section as, "Any oral communications uttered by a person possessing an expectation that such

communication is not subject to interception under circumstances justifying such expectation."

The focus for this appeal is whether the conversation between Bollman and appellee constitutes an "oral communication" protected under the Pennsylvania Wiretapping and Electronic Surveillance Act ("Act"). The Commonwealth asserts that given the nature of the conversation herein and the surrounding circumstances, the Act applies. We do not agree.

The Commonwealth cites *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), for support. In *Blystone*, our Supreme Court, relying upon the United States Supreme Court case of *Katz v. United States*, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967), promulgated the following test for determining what constitutes a justifiable expectation of privacy in communication. "To determine whether one's activities fall within the right of privacy, we must examine: first, whether appellant has exhibited an expectation of privacy; and second, whether that expectation is one that society is prepared to recognize as reasonable." *Commonwealth v. Blystone, supra*, 519 Pa. at 463–64, 549 A.2d at 87.

In the instant case, the Commonwealth argues that the following circumstances conclusively prove that Bollman had a justifiable expectation that the contents of his conversation would not be electronically recorded. Specifically, the Commonwealth emphasizes the fact that Bollman had not scheduled the interview and was not pursuing a criminal investigation against appellee. As an employee of CYS, he did not tape client conversations and always guarded the confidentiality of his client's files, releasing information only when statutory conditions are satisfied.[3] Based upon a flawed assessment of

---

**3.** Although 23 Pa.C.S. § 6339 provides for the confidentiality of report concerning instances of child abuse, 23 Pa.C.S. §§ 6336(c) and 6340 monitor the *release* of that information. Therefore, *absolute confidentiality* is not guaranteed to individuals being investigated pursuant to a suspected child abuse and neglect complaint ("SCAN"). Authorized Child Protective Services Department officials, treating physicians, guardians *ad litem,* courts with competent jurisdiction, the Attorney General, law enforcement officials conducting investigations, the individuals who report suspected abuse, county commissioners, and the

these circumstances, the Commonwealth concludes that the Act applies. The Commonwealth however, neglects to provide us with the basis for the caseworker's expectation of privacy.[4]

Appellee correctly argues that by statute, Bollman's expectations were irrelevant. By his own admission, Bollman testified that the statutory safeguards with regard to confidentiality were in place to protect the privacy of the involved parties because the confidentiality concerns lie with the case itself. However, Bollman attempted to delineate the importance of specific information which he relayed to appellee concerning a medical assessment of appellee's ex-wife. Bollman's premise failed when he told the court that he hadn't told appellee anything that appellee "*shouldn't know.*" Reproduced Record ("R.R."), 4/24/92, at 22a. Furthermore, through independent questioning of Bollman, the court ascertained that Bollman had neglected to explain to appellee the confidential nature of the information he relayed to appellee during the meeting. In addition, he told the court that it was his practice to place summaries of the visits in his CYS file.

Appellee maintains that the conversation between himself and Bollman was not an "oral communication" for purposes of this Act, and he relies upon *Commonwealth v. Henlen,* 522 Pa. 514, 564 A.2d 905 (1989), for support. In *Henlen,* a burglary suspect recorded his interrogation by police. Our Supreme Court applied the objective test in *Blystone* and concluded that a police officer, taking notes during a suspect interview which later could be used in court, had no justifiable expectation of privacy such that the recording violated 18 Pa.C.S. § 5703. *Henlen* mirrors the situation of the case herein which likewise deals with a public official who is attempting to assert

subjects of the reports are entitled to summaries of information contained in the file as well as written reports.

**4.** 23 Pa.C.S. § 6336(c) refers to a release of information from the statewide register. Even if appellee desired to disclose the information in the register, he could not because he had no direct access to it. In any event, the proscriptions are for the reports themselves, and do not address the information provided by the parties involved in the investigation. Nothing in the statute prevents a subject parent from disclosing information about him or herself to any other person, including caseworkers.

a privacy right in conjunction with a case in which he is not a principal. As such, it is obvious that while appellee must expect that the information which he provides to his CYS caseworker becomes part of a file which later could be used against him in court, it is obvious likewise that because Bollman did not disclose any information about himself, he had no expectation of privacy with regard to the content of the recorded conversation.

As we agree with appellee's argument, and concur with the well-reasoned conclusion of the hearing court, we adopt the rationale underlying the order, which states:

THE COURT: The Defendant argues that the caseworker had no expectation of privacy—confidentiality and relies on *Commonwealth v. Henlen*, a Supreme Court case which has to do with oral communications. Section 5703 defines oral communication as any oral communications uttered by a person possessing an expectation, but such communication is not subject to interception under circumstances justifying such expectation.

Intercept is defined in Section 5702 as aural, A–U–R–A–L, acquisition of the contents of any wire or oral communication through the use of any electronic or mechanical or other device. So, the real issue in this case comes down to the question of whether or not of the caseworker had an expectation of confidentiality.

Henlen is very close and we believe we're bound by it. We believe, under the facts of this case, that the caseworker did not have an expectation of confidentiality under the circumstances. Particularly stated and testified at the Preliminary Hearing that there was nothing to be said to the Defendant that he couldn't tell anybody else. That was his testimony and we're bound by that.

So, ... [w]e find, as a fact, that the caseworker had no expectation of confidentiality and, therefore, the Defendant did not violate the wiretap act section, the section of the statute followed by wiretapping.

R.R., 4/24/92, at 44a–45a.

Order affirmed.