## Commonwealth v. Ward

*Kate Fee-Baird, assistant district attorney,* for Commonwealth.

*David H. Acker,* for defendant.

MOTTO, *P.J.,* December 12, 2007—Before the court for disposition is defendant's omnibus pretrial motion in the form of a petition for writ of habeas corpus alleging that the Commonwealth did not establish a prima facie case to the charges of interception of communications (18 Pa.C.S. §5703(1)), possession of device for intercepting communications (18 Pa.C.S. §5705(1)), and possession of instruments of a crime (18 Pa.C.S. §907(A)), because the victim had no reasonable expectation of privacy with regard to her conversations at work and the digital recorder used was not designed to be primarily useful for the purpose of intercepting communications.

A preliminary hearing was held in front of magisterial District Judge Melissa Amodie on May 8, 2007, and all charges were bound over to this court. The facts of the case are as follows:

On June 20, 2006, Starlett Brothers reported to work at 9:45 a.m. At the time, she was employed as an assistant manager at Cash Advance located in Shenango Township.

In addition to Ms. Brothers, there was only one other employee at that location, the defendant, Sandra Ward. When Ms. Brothers arrived for work that morning, the defendant was already in the office.

As the day progressed, Ms. Brothers waited on several customers at the main counter. The main counter of the store also serves as her desk. At one point during the afternoon while Ms. Brothers was waiting on a customer she heard something hit the floor down by her feet. She stated that she is constantly dropping pens on the floor throughout the day, so she did not pay attention to what actually fell from beneath the counter. At about 2:30 p.m. the defendant left for lunch and Ms. Brothers was left alone in the store. While the defendant was on her lunch hour, Ms. Brothers discovered a Sony Brand Model ICD-B300 Digital Audio tape recorder on the floor under her desk. There was clear packaging tape attached to the recorder. When Ms. Brothers played the recorder she recognized the defendant's voice and her own voice and the sounds of her working throughout the day. After hearing the voices on the recorder Ms. Brothers immediately called the divisional director of operations for Cash Advance. Ms. Brothers then confronted the defendant about the recorder and the defendant admitted to placing the recorder under Ms. Brothers' desk.

On September 26, 2006, Starlett Brothers filed a criminal complaint with Officer Jason Domenick of the Shenango Township Police Department. At that time, Ms. Brothers turned the digital recorder over to Officer Domenick. Officer Domenick then went to the Cash Advance store to question the defendant about the digi-

tal recorder. After giving the defendant her *Miranda* rights, the defendant provided a written statement to the officer. In that statement, she admitted to placing the recorder under Ms. Brothers' desk and recording her throughout the day. Defendant also wrote a letter to Ms. Brothers admitting to placing the recorder because defendant was concerned about people talking about her.

The defendant was charged with violating title 18 Pa.C.S. §5703(1) interception of communications, a felony of the third degree; title 18 Pa.C.S. §5705(1) possession of device for intercepting communications; and title 18 Pa.C.S. §907(A) possession of instruments of a crime, a misdemeanor of the first degree. Subsequently, the defendant filed omnibus pretrial motions including a request for a writ of habeas corpus.

Filing a petition for a writ of habeas corpus is the appropriate method by which a defendant may challenge a pretrial finding that the Commonwealth has presented sufficient evidence to establish a prima facie case. *Commonwealth v. Karlson,* 449 Pa. Super. 378, 674 A.2d 249 (1996); see also, *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589 (1991); *Commonwealth v. Carmody,* 799 A.2d 143 (Pa. Super. 2002). However, in a habeas corpus proceeding, the Commonwealth may present evidence, additional to what was presented at the preliminary hearing, in order to prove the elements of the offenses charged. *Karlson (supra).*

In evaluating an accused's entitlement to pretrial habeas corpus relief, a trial court must determine whether there is sufficient evidence to make out a prima facie case that the defendant committed the crime with which he or she is charged. *Commonwealth v. Hock,* 556 Pa.

409, 728 A.2d 943 (1999). The Commonwealth must satisfy this evidentiary burden by presenting evidence that established a crime was committed and that there is a probability that the defendant committed the crime. *Commonwealth v. Fox,* 422 Pa. Super. 224, 619 A.2d 327 (1993). The Commonwealth establishes a prima facie case by offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen,* 397 Pa. Super. 507, 580 A.2d 412 (1990). The Commonwealth is not required to prove this by the "beyond a reasonable doubt" standard; however, the Commonwealth must satisfy a standard of "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo,* 331 Pa. Super. 51, 479 A.2d 1073 (1984).

The Commonwealth meets the burden of establishing a prima facie case when it submits evidence that, if accepted as true, would warrant a trial judge to allow the case to go to a jury. *Commonwealth v. Marti,* 779 A.2d 1177 (Pa. Super. 2001). Evidence must be presented concerning each element of the crime charged. *Id.* Such evidence must be viewed in the light most favorable to the Commonwealth. *Id.* Furthermore, the Commonwealth is entitled to all reasonable inferences that can be drawn from the evidence presented. *Id.* The weight or credibility of the evidence is not at issue during the preliminary hearing. *Id.*

The Pennsylvania Wiretapping and Electronic Surveillance Control Act, title 18 Pa.C.S. §5701, et seq. makes it a felony of the third degree for a person to intercept or endeavor to intercept any wire, electronic or oral communication. (18 Pa.C.S. §5703(1).) An oral communica-

tion is defined under section 5702 of the Wiretapping Act as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." In *Commonwealth v. Christopher,* 423 Pa. Super. 51, 53-54, 620 A.2d 494, 495 (1992) and *Agnew v. Dupler,* 553 Pa. 33, 717 A.2d 519 (1998), the appellate courts have made it clear that a communication is not an "oral communication" as defined by the Wiretapping Act unless the victim has a reasonable expectation of privacy.

In *Agnew,* the chief of police went to the police station at some point during the evening and parked his vehicle away from the police station. He entered the station and activated the intercom function of a phone in the squad room, and then sat in his darkened office to listen to the conversations of the officers on the night shift. One of the police officers filed a lawsuit under the Wiretapping Act. The lower court granted a compulsory nonsuit. On appeal, the Pennsylvania Supreme Court affirmed the lower court.

The Supreme Court held that the officer did not possess an expectation of privacy. The court held that in order to establish a prima facie case under the Wiretapping Act for interception of an oral communication, the Commonwealth must establish: (1) the complainant engaged in communication; (2) that the complainant possessed an expectation that the communication would not be intercepted; (3) that the complainant was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication. *Agnew,* 553 Pa. at 36, 717 A.2d at 522.

The court found that the officers had no reasonable expectation of privacy in the squad room. The court pointed out that the conversations occurred in a common area among fellow police officers and could be overheard by others in the surrounding area. Therefore, the interception on their conversations could not be a violation of the Wiretapping Act. The court specifically stated that "one cannot have an expectation of non-interception absent a finding of a reasonable expectation of privacy." *Agnew,* 553 Pa. at 38, 717 A.2d at 524.

In *Commonwealth v. Christopher (supra),* the defendant walked unannounced into the county Children and Youth Services office to meet with the social worker assigned to his case. The caseworker escorted him back to his office where they discussed the defendant's case. Another social worker was present the entire time the defendant and his social worker were discussing his case. At the close of the meeting, the social worker noticed a small tape recorder partially protruding from the defendant's coat pocket. When the social worker asked the defendant about the device, he admitted to recording the conversation. The Pennsylvania Superior Court determined that surreptitious recording of an interview between a children and youth service worker and a client could not be a violation of the Pennsylvania Wiretapping Act because the conversation was not an "oral communication," because there was no reasonable expectation of privacy. *Commonwealth v. Christopher,* 423 Pa. Super. at 52, 620 A.2d at 495.

To determine the existence of an expectation of privacy in one's activities, a reviewing court must first examine whether the person exhibited an expectation of

privacy; and second, whether that expectation is one that society is prepared to recognize as reasonable. "Since the standard for such expectation of privacy is one that society is prepared to recognize as reasonable, the standard is necessarily an objective standard." *Commonwealth v. Blystone,* 519 Pa. 450, 463, 549 A.2d 81, 87 (1988) as quoted in *Agnew v. Dupler,* 553 Pa. at 37, 717 A.2d at 523.

In the case sub judice, Ms. Brothers testified at both the preliminary hearing and a hearing held in front of this court that on June 20, 2006 while she was talking with a customer at the front counter of Cash Advance she heard a digital recorder fall from under her desk. When she played the recorder she heard her voice and the defendant's voice on the recorder. When she confronted the defendant, the defendant admitted to placing the recorder under the counter earlier in the day for the purpose of recording Ms. Brothers' conversations throughout the day. The Commonwealth presented evidence that established that the defendant intentionally intercepted Ms. Brothers' oral communication throughout the day.

The defendant argues that the recording took place at the customer service counter area where Ms. Brothers had no reasonable expectation of privacy. Ms. Brothers testified that when she began working for Cash Advance she signed the company policy manual that said that conversations may be monitored. Therefore, the defendant argues that Ms. Brothers had no reasonable expectation of privacy with regard to her conversations at work, in a very public setting, and under circumstances where she had signed a company policy manual acknowledging that she was aware that her conversations could be

monitored and that she had no reasonable expectation of privacy with regard to those conversations.

Although Ms. Brothers acknowledged signing a company policy manual, the manual was not introduced into evidence and the precise terms thereof are not of record. It is not enough to simply put forth that a company policy manual provides for conversations to be monitored without knowing what the manual states about the circumstances and means by which monitoring may occur.

The Commonwealth has presented evidence that establishes that the defendant placed a digital recorder under the desk of Ms. Brothers for the purpose of recording her conversations throughout the day. Under *Agnew*, the expectation of privacy is pivotal. A conversation is protected under the Wiretapping Act only where the speaker possesses a reasonable expectation of privacy in the conversation.

This court finds that the Commonwealth presented evidence that tends to establish that Ms. Brothers possessed a reasonable expectation of privacy with regard to her conversations at the desk and on her phone at work. This case is factually different from *Agnew* in that the defendant in this case did not use an intercom system that was part of the business phone system. In *Agnew*, the intercom system was a two-way communication device in full view of the police officers. They knew the intercom system existed. Ms. Brothers did not know that a recorder was hidden under the counter and recording her throughout the day. The defendant admitted that she recorded Ms. Brothers for personal reasons because she was worried that she was being talked about in the workplace. Also, customers and Ms. Brothers were discussing

private financial matters and the customers were not employees of Cash Advance. Defendant's method of recording did not discriminate between business conversations and personal conversations. It fact, it was Ms. Brothers' personal conversations that were of interest to defendant. In *Agnew,* the only communications that were intercepted were those of officers on the police force speaking openly in the squad room, conversations that anyone walking in and out could hear. Here, all of Ms. Brothers' conversations were recorded, personal and business, including those which she could not have anticipated that anyone else would hear. Ms. Brothers' expectation of privacy is evident from the testimony that she confronted the defendant and called the police when the recorder was discovered.

This case is also distinguishable from *Christopher* where *Christopher* dealt with the recording of a single conversation between a CYS worker and a client by the client with non-confidential matters being discussed. Here, defendant attempted to intercept all of Ms. Brothers' conversations, including those of a personal nature.

Accordingly, this court finds the Commonwealth has presented sufficient evidence for a fact-finder to determine whether said evidence indicates that defendant's actions in recording Ms. Brothers' conversations, business and personal, throughout the day were an unlawful invasion of her privacy. Therefore, defendant's petition for writ of habeas corpus on the count of interception of communications is denied.

With regard to the charge of possession of device for intercepting communications, this statute makes it illegal

to possess an electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of surreptitious interception of a wire, electronic or oral communication. 18 Pa.C.S. §5705(1). The Commonwealth presented evidence that defendant placed a Sony Brand Model ICD-B300 Digital Audio tape recorder under the front counter at the Cash Advance store for the purpose of recording Ms. Brothers' conversations throughout the day. Therefore, this court finds the Commonwealth presented sufficient evidence for a factfinder to determine whether the defendant possessed the digital recorder knowing that the device was primarily useful for the purpose of intercepting surreptitious communication.

Likewise, with regard to the charge of possession of instruments of a crime in violation of 18 Pa.C.S. §907(A), this court finds that the Commonwealth presented a prima fade case that the defendant possessed the digital recorder for the purpose of intercepting the oral communications of Ms. Brothers.

Therefore, in accordance with the principles set forth in this opinion, the defendant's petition for writ of habeas corpus is hereby denied.

## ORDER

And now, December 12, 2007, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that defendant's omnibus pretrial motion in the nature of a motion for writ of habeas corpus as to each charge are each denied.