J-A17031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL VAN STINE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC CARPINETA | |
| Appellant | No. 2856 EDA 2015 |

Appeal from the Order August 27, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2015, No. 03662

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                      **FILED JULY 27, 2016**

Appellant, Marc Carpineta, appeals from the order entered in the Philadelphia County Court of Common Pleas, granting Appellee's petition for a prohibitory preliminary injunction on the basis of an alleged violation of the Wiretap Act.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellee, Michael Van Stine, and Appellant, Marc Carpineta, both members of the Bentley Square Condominium Association, face ongoing litigation involving a longstanding dispute for control of a condominium in Philadelphia.  On July 31, 2013, September 25, 2013, and November 10,

_____

[1] 18 Pa.C.S.A. §§ 5701 and 5725, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

2013, Mr. Van Stine called Appellant to discuss confidential condominium association business. On December 2, 2013, at a meeting, Appellant boasted that he recorded one or more of the telephone conversations with Mr. Van Stine and shared the content of the conversations in a negative manner in the presence of Mr. Van Stine, two attorneys, and approximately six other witnesses.

On July 30, 2015, Mr. Van Stine filed a *pro se* petition for injunctive and equitable relief claiming violations of the Wiretap Act in Philadelphia County. On August 27, 2015, the court held a hearing on the petition. At the hearing, Mr. Van Stine presented a witness, Steven Cohen ("Mr. Cohen"), who had attended the December 2, 2013 meeting. Mr. Cohen's testimony confirmed Mr. Van Stine's evidence concerning Appellant's intentional recording of Mr. Van Stine and Appellant's intention to use such a recording in the ongoing condominium dispute. Appellant declined to testify at the hearing; so, Mr. Van Stine's evidence went unchallenged in this context. Consequently, the court found Appellant evasive regarding whether the recording existed such that the court found Appellant was not credible. Also, the court determined Mr. Van Stine was unfairly and unnecessarily exposed to a number of risks of continuing and substantial irreparable harm because of the taped conversation(s), including that Appellant might have made copies of and or distributed the audio recording(s) to others involved in the condominium dispute. The court held Mr. Van Stine's evidence

sufficient to order a prohibitory preliminary injunction, with the alleged violation of the Wiretap Act serving only as evidence of an act that, if proved in a criminal case, would constitute a crime, which the court found was *per se* damaging to Mr. Van Stine. At the conclusion of the hearing, the court granted an order prohibiting Appellant from using any recordings of Appellee in any manner, directing Appellant to preserve any recordings in his possession, and precluding Appellant from recording any of Appellee's conversations. The court did not rule on Appellee's claim for equitable relief.

On September 17, 2015, Appellant timely filed a notice of appeal. On September 18, 2015, the court ordered a Rule 1925(b) statement. In response, Appellant filed his Rule 1925(b) statement on October 6, 2015.

Appellant raises the following issues on appeal:

> DID THE [TRIAL] COURT HAVE A REASONABLE BASIS TO CONCLUDE THAT [MR. VAN STINE] HAD A CLEAR RIGHT TO A PRELIMINARY INJUNCTION FOR AN ALLEGED VIOLATION OF THE WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT WHERE THERE WAS NO EVIDENCE OF IMMEDIATE AND IRREPARABLE HARM SUCH AS AN ONGOING PATTERN OF VIOLATIONS OR A THREAT OF FUTURE VIOLATIONS?
>
> DID THE [TRIAL] COURT HAVE A REASONABLE BASIS TO CONCLUDE THAT [MR. VAN STINE] HAD A CLEAR RIGHT TO A PRELIMINARY INJUNCTION FOR AN ALLEGED VIOLATION OF THE WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT WHERE THERE WAS NO EVIDENCE OF THE CIRCUMSTANCES UNDER WHICH THE ALLEGED VIOLATION OCCURRED, *I.E.*, WHETHER [MR. VAN STINE] HAD A JUSTIFIABLE EXPECTATION THAT HIS CONVERSATION WOULD NOT BE INTERCEPTED?

DOES THE WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT AUTHORIZE INJUNCTIVE RELIEF TO PROHIBIT FUTURE VIOLATIONS?

(Appellant's Brief at 4).

Appellant argues the record does not establish the first prerequisite for a preliminary injunction because Appellee failed to show that an injunction is necessary to prevent immediate and irreparable harm. Additionally, Appellant states nothing in the record establishes the fourth prerequisite, i.e., the activity the injunction seeks to restrain is actionable, the right to relief is clear, and the wrong is manifest. Likewise, Appellant avers Appellee failed on the fifth prerequisite in that Appellee did not show that the injunction is reasonably suited to abate the offending activity. In essence, Appellant claims there was no harm, no clear showing of right to relief, and no ongoing activity that had to be restrained. Moreover, no evidence reveals that any threat would happen again. Specifically, Appellant contests any finding of imminent danger in the record since the alleged recording happened prior to December 2013, and the petition for injunctive relief was not filed until nineteen months after the recording. Furthermore, Appellee's witness, Mr. Cohen, only stated he had heard Appellant say he had a recording of the prior conversation with Appellee, not that Appellant said he was going to replicate and/or distribute the recording. Instead, Appellant argues Mr. Cohen's testimony is hearsay and is insufficient to support a preliminary injunction. Appellant further contends Mr. Cohen's testimony

does not confirm any other testimony because neither Appellant nor Appellee ever testified. Appellant asserts the trial court engaged in speculation, which should not serve as the basis for an injunction.

Next, Appellant claims no evidence discloses the circumstances in which Appellant allegedly recorded the conversation; so, it is impossible to determine whether Appellee had any expectation of privacy. Evidence of the location of the conversation, such as an open meeting or any other open setting, would show Appellee should have expected the conversation could be intercepted. Without such evidence, Appellee cannot assert any reasonable expectation of privacy in the recorded conversation.

Appellant further alleges that, although the Wiretap Act creates a private cause of action for damages, the Wiretap Act does not expressly provide for injunctive relief. Appellant asserts the notion of obtaining injunctive relief to prohibit the violation of a statute is counter-intuitive because the statute itself prohibits the interception of communications. Also, Appellant states evidence fails to identify the conversation at issue between Appellee and Appellant as an "oral communication" for purposes of the Wiretap Act. Appellant concludes this Court should reverse the order for a prohibitory preliminary injunction and remand for further proceedings. We disagree.

Review of a trial court's order granting a prohibitory preliminary injunctive relief is highly deferential; thus, in reviewing the grant of a

preliminary injunction, we must examine the record to determine if there were **any** apparently reasonable grounds for the trial court's action. ***Warehime v. Warehime***, 580 Pa. 201, 860 A.2d 41 (2004) (citing ***Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.***, 573 Pa. 637, 644-45, 828 A.2d 995, 1000 (2003)). "Our scope of review from an order denying a preliminary injunction is very narrow. An appellate court will interfere with the decision of the [trial court] only if it is clear that no grounds exist to support the decree or that the rule of law relied upon was patently erroneous or misapplied." ***Harsco Corp. v. Klein***, 576 A.2d 1118, 1121 (Pa.Super. 1990).

A party seeking a preliminary injunction must establish: (1) the injunction is necessary to prevent immediate and irreparable harm; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to the *status quo* as it existed before the alleged wrongful conduct; (4) the likelihood of success on the merits; (5) the injunction is reasonably designed to prevent the wrongful conduct; and (6) the injunction will not adversely affect the public interest. ***Summit Towne Centre, Inc. supra*** at 646-47, 828 A.2d at 1001.

> However, since a preliminary injunction is designed to preserve the *status quo* pending final resolution of the underlying issues, it is obvious that the "clear right" requirement is **not intended to mandate that one seeking a preliminary injunction establish his or her claim absolutely**. ***Valley Forge Historical Society v. Washington Memorial Chapel***, [493 Pa. 491, 426 A.2d 1123 (1981)]. Where the threat of immediate and

- 6 -

> irreparable harm to the petitioning party is evident, that the injunction does no more than restore the *status quo* and the greater injury would result by refusing the requested injunction than granting it, **an injunction may properly be granted where substantial legal questions must be resolved to determine the rights of the respective parties**.  [*Id.*]

*Fischer v. Department of Public Welfare*, 497 Pa. 267, 271, 439 A.2d 1172, 1174 (1982) (emphasis added).  *See Ambrogi v. Reber*, 932 A.2d 969, 977 (Pa.Super. 2007), *appeal denied*, 597 Pa. 725, 952 A.2d 673 (2008) (stating purpose of preliminary injunction is to prevent irreparable injury or gross injustice by preserving *status quo* as it exists or as it previously existed before acts complained of in complaint); *Appeal of Little Britain Tp. from Decision of Zoning Hearing Bd. of Little Britain Tp.*, 651 A.2d 606 (Pa.Cmwlth. 1994), *appeal denied*, 541 Pa. 645, 663 A.2d 696 (1995) (explaining preliminary injunction puts and keeps matters in position in which they were before defendant's improper conduct; sole object of preliminary injunction is to preserve subject of controversy in condition in which it is when order is entered, it is not to subvert, but to maintain existing status until court can hear and determine merits of controversy; **preliminary injunction cannot serve as judgment on merits because by definition it is temporary remedy granted until party's dispute can be completely resolved**).

Pennsylvania Rule of Civil Procedure 1531 governs preliminary and special injunctions, in pertinent part, as follows:

**Rule 1531.   Special Relief.  Injunctions**

(a)   A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.  In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a).  Thus, the Rule requires the court to hold a hearing only before the **grant** of an injunction, with limited exception.  ***See id.***  The appellant has the burden to demonstrate that the trial court's decision to grant a prohibitory preliminary injunction lacks any "apparently reasonable grounds."  ***The York Group, Inc. v. Yorktowne Caskets, Inc.***, 924 A.2d 1234, 1241 (Pa.Super. 2007).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Linda A. Carpenter, we conclude Appellant's issues merit no relief.  The trial court fully and properly supported its decision.  ***See*** Trial Court Opinion, dated December 9, 2015, at 2-3) (finding: Mr. Van Stine demonstrated through credible third party testimony that Appellant boasted he had recorded Mr. Van Stine; recording was done in contravention of Pennsylvania law; Appellant intended to use recording in ongoing condo dispute and without intervention, irreparable harm would result; sufficient evidence supported

court's conclusion that recording existed and that Appellant had intended to make such recording; at time of hearing, court determined Mr. Van Stine was being unfairly and unnecessarily exposed to number of risks of continuing and substantial irreparable harm because of conversation at issue, including that Appellant might have made copies of, and/or distributed, audio recording and sent recording to others involved in condo dispute).[2]  We accept the court's decision.  The trial court balanced the rights of both parties and crafted its order as narrowly as possible to abate the problem.  **See Ambrogi, supra**.  The record supports the court's decision.  **See The York Group, Inc., supra**.  Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

_____

[2] To the extent Appellant takes issue with the court's comment in its opinion on his credibility, we observe Appellant was evasive at the hearing about whether he recorded Mr. Van Stine and declined the court's invitation to testify.  In this respect, therefore, we qualify the trial court's opinion, but not its decision.

Regarding Appellant's third issue, we observe the prohibitory injunction sought in this case was not directly under the Wiretap Act at 18 Pa.C.S.A. § 5725; the alleged violation of the Wiretap Act was used only as evidence of an act that, if proved in a criminal case, would constitute a crime, which the court found was *per se* damaging to Mr. Van Stine to support the damages aspect of the preliminary injunction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/27/2016</u>

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **MICHAEL VAN STINE** | : | |
| *Plaintiff-Appellee* | : | **SUPERIOR COURT** |
| | : | **2856 EDA 2015** |
| **v.** | : | |
| | : | **COURT OF COMMON PLEAS** |
| **MARC CARPINETA** | : | **CASE NO. 150703662** |
| *Defendant-Appellant* | : | |

## OPINION

CARPENTER, J.                                          DECEMBER 9, 2015

Appellee Michael Van Stine ("Van Stine") and Appellant Marc Carpineta

("Carpineta") have been involved in a longstanding dispute and ongoing litigation with

regard to the control of a condominium in the City of Philadelphia. In the instant

proceeding before this Court, Van Stine requested injunctive relief to prevent Carpineta

from using a recording of Van Stine that had been made without his permission and in

contravention to 18 Pa.C.S. § 5701, et seq. and 18 Pa.C.S. § 5725, et seq. This Court

conducted a full hearing on the merits on August 27, 2015, at which time this Court

assessed the witnesses' testimony and made the determination that a recording clearly

had been made in contravention of Pennsylvania law. This Court further determined

that Carpineta intended to use such recording in the ongoing condominium dispute and

that without a Court Order preventing Carpineta from using the unlawful recording,

irreparable harm would result. This Court placed all findings on the record at the hearing.[1] Following the hearing, this Court entered an Order stating that:

1. Mr. Carpineta shall not use *any* recordings of Mr. Van Stine in any manner.

2. Any recordings in Mr. Carpineta's possession should be [disclosed].

3. Mr. Carpineta shall not in any manner record conversations of Mr. Van Stine.

Carpineta has filed an appeal of this Order asserting that he was not served prior to the entry of this Order and thus, this Court did not have jurisdiction. He further submits that there was insufficient evidence presented of any recorded conversation or that he ever had the intent to record or threatened to record any conversation. Carpineta further contends that this Court erred in not reviewing the legal factors at issue with the correct standard in order to enter an order for injunctive relief. These arguments must be rejected.

While Carpineta alleges a lack of service, the record contains no preliminary objections filed with regard to service, even though the Petition was filed on July 30, 2015 and a Rule to Show Cause was issued and served by this Court on August 4, 2015, well in advance of the hearing. Accordingly, the issue with regard to service has been waived.

With regard to Carpineta's sufficiency claim, at the hearing in this matter, Van Stine presented credible testimony from a third party to confirm his own testimony that Carpineta had intentionally made a recording of Van Stine and that Carpineta intended to use such recording in the ongoing condominium dispute. Moreover, this Court found

---

[1] As of the writing of this Opinion, this Court has not been provided with a copy of the notes of testimony and thus is unable to make specific notations to the record.

2

that Carpineta was evasive about whether a recording was made such that this Court did not find Carpineta to be a credible witness. As such, this Court found the evidence sufficient to support its finding that a recorded conversation existed and that Carpineta had the intent to record the conversation.

In consideration of Carpineta's assertion related to this Court's review of the legal factors at issue and the proper standard for entering an order for injunctive relief, this Court similarly finds no merit. The Pennsylvania Wiretap Act ("Act") provides a civil remedy to aggrieved persons whose communications are unlawfully intercepted.[2] Injunctive relief and other equitable remedies are available in connection with claims under the Act.[3] At the time of the August 27, 2015 hearing, this Court determined that Van Stine was being unfairly and unnecessarily exposed to a number of risks of continuing and substantial irreparable harm because of the conversation at issue, including that Carpineta may have made copies of, and or distributed, the subject audiotape and sent such tape to others involved in the condominium dispute. These findings are supported by the record and should be affirmed on appeal.

BY THE COURT:

_____
Carpenter, J.

---

[2] *Agnew v. Dupler*, 717 A.2d 519, 522 (Pa. 1998).
[3] *Id.*

3