J-S37027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KELVIN BAIN | : | |
| Appellant | : | No. 2924 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003904-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KELVIN BAIN | : | |
| Appellant | : | No. 2927 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002532-2022

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED DECEMBER 3, 2025**

Kelvin Bain appeals from the four-to-eight-year aggregate judgment of sentence entered after he was convicted in two cases of multiple sexual offenses against his nephew, M.C., and his niece, B.C., when they were

_____

[*] Former Justice specially assigned to the Superior Court.

children.[1]  Bain challenges the admissibility of his recorded oral statement, the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of his sentence.  We affirm, and we direct the record to be sealed.

On January 14, 2022, police charged Bain with crimes against M.C. and B.C. at separate dockets.[2]  The charges involving M.C. were held for court at docket CP-51-CR-0002532-2024 (Case 2532).  The charges involving B.C. were held for court at docket CP-51-CR-0003904-2022 (Case 3904).  The cases were ultimately consolidated for trial.

Prior to trial, Bain moved to exclude a recording of his statements "made in a relative[']s residence not open to the public, where [Bain] was invited by another relative."  Motion, 3/12/24, at 2.  The Commonwealth filed a response.  On May 30, 2024, the parties argued the matter before the trial court without presenting evidence.  The trial court found that Bain lacked a reasonable expectation of privacy when he made his oral statements; it denied Bain's motion to exclude the recording.

_____

[1] At Case 2532, Bain was convicted of violating 18 Pa.C.S. §§ 3121(c) (rape of child), 3123(b) (involuntary deviate sexual intercourse with a child), 6318(a)(1) (unlawful contact with a minor), 6301(a)(1)(ii) (corruption of minors), 3126(a)(7) (indecent assault), and 4304(a)(1) (endangering welfare of children).  At Case 3904, Bain was convicted of violating several of the same statutes, 18 Pa.C.S. §§ 3121(c), 6318(a)(1), 6301(a)(1)(ii), and 3126(a)(7).

[2] We remind counsel and the trial court that in cases like this, Pennsylvania law prohibits disclosure of the children's names in public court records, **even after the children turn 18**.  42 Pa.C.S. § 5988(a), (a.1).  We direct that the certified record, trial court opinion, and appellant's brief be sealed.

Bain waived his right to a jury trial, and the case immediately proceeded to a non-jury trial. The Commonwealth presented M.C. and B.C.'s testimony.

M.C. testified that he was born in 2004; when M.C. was five or six years old, Bain pulled his own pants down and directed M.C. to give Bain oral sex. M.C. said that his mouth touched Bain's penis. On another occasion, M.C. testified, he saw Bain "dry humping" B.C. M.C. said that the last incident was when M.C. was eight years old. That time, M.C. started to play a video game in Bain's room when Bain "just came back naked." Bain got dressed, sat down next to M.C., and pulled his own pants down. By this time, M.C. testified, Bain "ain't even really have to tell me nothin' because I already knew what to do, not saying it like that, but I already knew what to do." M.C. testified that Bain's penis went in his mouth. M.C. also related that Bain touched M.C.'s "butt cheeks" under and over his clothes. He recalled that Bain made him perform oral sex "over a dozen" times during the time span.

Through M.C., the Commonwealth introduced the recording of the family meeting where Bain was asked about his actions.

B.C. testified that she was born in 2003; when B.C. was nine years old, Bain took off her underwear and asked her to touch her vagina. She obeyed. Another time, Bain asked her to "do me a favor" and pulled his penis out of his pants. Despite B.C.'s refusal, Bain's penis went in her mouth. B.C. testified that Bain would make her do something uncomfortable every time he babysat, which lasted until she was eleven years old. She recalled that Bain made her perform oral sex twice and made her touch her vagina "all the time."

She testified that Bain would also touch her leg as an "adjustment" to making her touch her vagina.

Bain testified on his own behalf, denying the allegations. Bain explained that when he apologized during the family meeting, he was referring to horseplay. The Commonwealth stipulated that additional witnesses would testify that Bain has a reputation in the community for being a peaceful and law-abiding person.

The trial court found Bain guilty of the above offenses.

On September 16, 2024, Bain appeared for sentencing. At both cases, the trial court imposed an aggregate sentence of 4 to 8 years of incarceration and 3 years of mandatory consecutive sex offender's probation. Bain filed timely post-sentence motions, which the trial court denied.

Bain timely appealed. Bain and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. We consolidated Bain's cases for appeal.

Bain presents five issues for review:

1. Whether the lower court erred in denying [Bain's] Motion *In Limine* to Preclude Video/Electronic Recorded Statement Allegedly Made by a Commonwealth Witness, Without the Consent of the Defendant, by order of May 30, 2024, since the factual findings are not supported by the record and the legal conclusions drawn from those facts are incorrect, and as such, the decision was in error?

2. In [Case 3904], whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Rape

of a Child, Corruption [of] Minors, Indecent Assault, and Unlawful Contact with a Minor, beyond a reasonable doubt?

3. In [Case 2532], whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Rape of a Child, Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Corruption of Minors, Indecent Assault [of] Person less than 13 Years of Age, and Endangering the Welfare of Children, beyond a reasonable doubt?

4. Whether the verdict was against the greater weight of evidence as a matter of law to establish [Bain's] guilt beyond a reasonable doubt on all charges?

5. Whether the lower court erred and abused its discretion in sentencing [Bain] in that it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Bain's Brief at 12–13.

Bain's first issue is a challenge to his motion *in limine* to exclude evidence under the Wiretapping and Electronic Surveillance Control Act (the Wiretap Act), 18 Pa.C.S. §§ 5701–5782. After the trial court reviewed the pleadings and heard argument, the court determined that Bain did not establish that he had a reasonable expectation of privacy in the circumstances in which he talked with other family members. Therefore, the court denied Bain's motion.

Bain argues that when he was in his own home, he had a reasonable expectation of privacy for Wiretap Act purposes. He cites the Supreme Court's holding that the Pennsylvania Constitution requires a judicial determination of probable cause prior to the interception of oral communications within one's home, under subsection 5704(2)(ii) of the Wiretap Act. **See Commonwealth**

*v. Brion*, 652 A.2d 287, 289 (Pa. 1994). Bain submits that the lack of a prior judicial determination of probable cause here renders the recording inadmissible.

The Commonwealth responds that the record supports the trial court's finding that Bain had no expectation of privacy in statements made in the presence of other family members in his mother's house. The Commonwealth submits that a Wiretap Act exception applied regardless of Bain's expectation of privacy, as his family members intended to obtain evidence that Bain had abused M.C. and B.C.

We review the denial of a motion to exclude evidence under the Wiretap Act by the same standard with which we review a ruling on a suppression motion. *See Commonwealth v. Shreffler*, 201 A.3d 757, 763 (Pa. Super. 2018). That is, we must determine whether the record supports the trial court's factual findings and whether the trial court's legal conclusions are correct. *Id.* (citing *Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (Pa. Super. 2016)). The scope of our review is the evidence presented at the pre-trial hearing. *See id.*

The Wiretap Act defines an "oral communication" as "Any oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation," subject to exclusions not relevant here. 18 Pa.C.S. § 5702 (definitions). The statute generally prohibits the interception, disclosure, and

use of oral communications.  18 Pa.C.S. § 5703(1)–(3).  However, among its exceptions, the Wiretap Act allows:

> **Any victim, witness** or private detective . . . **to intercept the contents of any** wire, electronic or **oral communication, if that person is under a reasonable suspicion that the intercepted party** is committing, about to commit or **has committed a crime of violence** and there is reason to believe that evidence of the crime of violence may be obtained from the interception.

18 Pa.C.S. § 5704(17) (emphasis added).  For Wiretap Act purposes, a "crime of violence" includes rape, involuntary deviate sexual intercourse, and sexual assault.  18 Pa.C.S. § 5702, "Crime of violence" subsection (1)(ii).

The Wiretap Act provides a mechanism for an aggrieved party to move to exclude his intercepted communication for certain reasons, including on the grounds that the interception was not authorized or approved pursuant to the Act, and no section 5704 exception applied.  18 Pa.C.S. § 5721.1(b)(1).

Initially, an aggrieved party who moves to exclude a recording of his oral statement under this provision must prove that (1) he said it with the expectation that it would not be intercepted and (2) his expectation was justifiable under the circumstances.  ***Commonwealth v. Mason***, 247 A.3d 1070, 1081 (Pa. 2021) (citing ***Agnew v. Dupler***, 717 A.2d 519, 522 (Pa. 1998)).  If the aggrieved party does not prove this expectation, then his oral statement does not meet the definition of an "oral communication" protected by the Wiretap Act.  18 Pa.C.S. § 5702.  Notably, decisional law recognizes that "one cannot have an expectation of non-interception absent a finding of

a reasonable expectation of privacy." **Mason**, 247 A.3d at 1076 n.9 (quoting **Agnew**, 717 A.2d at 523).

Once the aggrieved party proves that he had a justifiable expectation of non-interception, the burden then falls on the respondent (the proponent of the evidence) to prove that the interception was legal. **See** 18 Pa.C.S. § 5721.1(c)(4).

Here, the trial court found that Bain did not have a reasonable expectation of privacy based on the circumstances:

> [Bain] voluntarily attended a family meeting at his mother's home. The complainants, their parents, and [Bain's] mother were all present. Unbeknownst to [Bain], the meeting was recorded via cell phone video. Upon learning of the allegations levied against him, [Bain] apologized for what he did but also claimed that he did not remember engaging in abusive behavior.
>
> [Bain] failed to demonstrate that he had a reasonable expectation of privacy. [Bain] was not in a private place where his assertions could not be heard. Instead, he was a guest in the home of another. Moreover, [Bain] made the statements while in a room full of family members with the intent to communicate to them. As a result, [Bain] did not have a reasonable expectation of privacy in the statements made . . . .

Trial Court Opinion, 4/16/25, at 5.

The record supports the trial court's findings that Bain was not in his own home but rather his mother's. Although neither party introduced evidence before trial, Bain wrote in his motion that the "recording was made in a relative[']s residence not open to the public, where [Bain] was invited by another relative." Motion to Exclude, 3/12/24, at 2. The trial court could rely

on this representation to conclude that Bain made his statements while he was at his mother's house.

As applied to this factual finding, the law recognizes a diminished expectation of privacy in another's home. ***See Commonwealth v. Viall***, 890 A.2d 419, 423 (Pa. Super. 2005) (citing ***Commonwealth v. Davis***, 743 A.2d 946, 950 (Pa. Super. 1999), regarding "a casual visitor who is merely present in another person's home" and thus lacks a legitimate expectation of privacy for suppression purposes). Likewise, the Supreme Court of Pennsylvania reasoned that a nanny working in another person's home lacks a justifiable expectation that her oral communications will not be intercepted there. ***Mason***, 247 A.3d at 1082.

Even if Bain had proven that he had a justifiable expectation that his statements would not be recorded, the Commonwealth established that the recording was made pursuant to subsection 5704(17) of the Wiretap Act. Notably, this provision does not require a prior judicial determination of probable cause. Bain's family members suspected, from the reports of M.C. and B.C., that Bain committed the crimes alleged. The apparent purpose of the family gathering was to gather evidence of those crimes. The exception is not limited to crimes that are occurring at the time the interception is made. The statute allowed Bain's relatives to intercept his oral communications if they reasonably suspected that Bain "is committing, about to commit or has committed a crime of violence," and they believed they could obtain evidence of that crime by recording him. 18 Pa.C.S. § 5704(17). Because the record

and the law support the trial court's ruling on Bain's pretrial motion, Bain's first issue fails.

In his second and third issues, Bain challenges the sufficiency of the evidence to sustain all his convictions in both his cases. He observes that M.C. did not disclose the abuse for eleven years, did not tell police he saw Bain molesting his sister, and did not remember whether he was six, seven, or eight years old when he saw Bain "dry humping" B.C. Likewise, B.C. did not disclose the abuse for eleven years. Bain notes that the Commonwealth did not proffer any expert testimony to explain the delayed reports.[3]

This Court reviews a sufficiency challenge to determine "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, was sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense[s] beyond a reasonable doubt." *Commonwealth v. Dewald*, 317 A.3d 1020, 1038 (Pa. Super. 2024) (brackets omitted). Notably, the fact-finder "is free to believe all, part, or none of the evidence when evaluating witness credibility." *Id.*

We generally require an appellant challenging evidentiary sufficiency to specify which convictions and which elements of those crimes he contests on appeal, especially in cases with multiple offenses. *Commonwealth v. Gibbs*,

---

[3] Bain asserts without additional argument that his prosecution for his actions as a 17-year-old, without a decertification hearing, is a jurisdictional issue. Pennsylvania courts have rejected this line of reasoning. *Commonwealth v. Armolt*, 294 A.3d 364 (Pa. 2023).

981 A.2d 274, 281 (Pa. Super. 2009). We could find waiver on this basis, as Bain simply lists all of his convictions in both cases and asserts that the evidence was insufficient to sustain them. However, we interpret Bain's argument to be a challenge to the trial court's necessary finding that M.C. and B.C. testified credibly. As the trial court was free to believe their testimony, *id.*, Bain's second and third issues fail.

In Bain's fourth issue, he submits that the verdict was against the weight of the evidence. Bain reiterates his perceived flaws in the Commonwealth's cases at trial.

The law on a weight-of-the-evidence claim, as Bain recites in his brief, is well-established.

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.
>
> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By

- 11 -

contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

***Commonwealth v. Banniger***, 303 A.3d 1085, 1095 (Pa. Super. 2023) (quoting ***Commonwealth v. Arnold***, 284 A.3d 1262, 1277 (Pa. Super. 2022)). Notably, "there is a logical inconsistency in asking a trial judge to conclude that his non-jury decision shocked his own conscience." ***Id.***

Here, the trial court provided that it "found that both complainants testified credibly as to the nature of [Bain's] abuse and the timeframes in which it happened" and rejected Bain's testimony. Trial Court Opinion, 4/16/25, at 7. Despite accurately stating the law, Bain does not explain how the trial court's denial of his post-sentence motion was an abuse of discretion. He does not explain why any details at trial would render the trial court's guilty verdicts conscience-shocking. Bain has not persuaded us that the trial court abused its discretion. Bain's fourth issue fails.

In his fifth issue, Bain argues the trial court failed to consider certain evidence and factors when it sentenced him. The Commonwealth objects to Bain's failure to include a separate section in his brief stating the reasons relied upon for allowance of appeal with respect to the discretionary aspects of Bain's below-mitigated-range sentence.

Bain's issue is a challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Velez***, 273 A.3d 6, 9 (Pa. Super. 2022). This Court treats such a challenge as a petition for allowance of appeal, which we have discretion to grant "where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42

Pa.C.S. § 9781(b); *see Commonwealth v. Pledger*, 332 A.3d 29, 37 (Pa. Super. 2024). We enforce four requirements for an appellant to invoke our jurisdiction over a discretionary sentencing claim: (1) the appellant must file a timely notice of appeal, (2) the appellant must preserve the issue at sentencing or in a post-sentence motion, (3) the appellant's brief must include a concise statement of the reasons relied upon for allowance of appeal, and (4) the appellant must present a substantial question that the sentence is not appropriate under the Sentencing Code. *Pledger*, 332 A.3d at 37–38.

As to the third requirement, an appellant presenting a discretionary sentencing claim must "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Importantly, if the Commonwealth objects to the failure to include a Rule 2119(f) statement, then we cannot reach the merits of the claim. *Pledger*, 332 A.3d at 38.

Here, Bain's brief does not include a Rule 2119(f) statement, and the Commonwealth objects. Therefore, Bain has not properly invoked this Court's jurisdiction to review his challenge to the discretionary aspects of his sentence. Bain's fifth issue is waived.

Judgment of sentence affirmed. Certified record, trial court opinion, and appellant's brief directed to be sealed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/3/2025</u>